{¶ 21} I respectfully dissent from the majority. I would affirm the decision of the trial court finding that the decision of the Review Commission was unlawful, unreasonable, and against the manifest weight of the evidence.
 {¶ 22} I believe Sachs Corp. of U.S.A. v. Rossman (1983),9 Ohio App.3d 188, is persuasive. While MacMillan's job responsibilities were not totally eliminated, the weight of the evidence establishes she was reduced to a "mere figurehead" by policy changes initiated by new management. I would find that MacMillan's voluntary departure met the standard for "just cause" as "that which, to an ordinary intelligent person is a justifiable reason for doing or not doing a particular act." I would find that she is eligible to receive unemployment compensation benefits.
 {¶ 23} Flow Polymers sold products to the tire industry. Management increased prices despite prior written commitments made to customers by MacMillan. While the policy and price changes were certainly within management's right, they created a condition where MacMillan could no longer effectively perform her duties. Changing MacMillan's title and purported responsibilities from national marketing manager to national accounts manager does not establish that she was able to continue working for the company. The record clearly establishes her ability to interact with customers was adversely affected by management's price actions.
 {¶ 24} The record reveals MacMillan was a twelve-year veteran employee with an excellent reputation. She worked her way up from the position of secretary to the position of national marketing manager, which she held at the time of her departure. Management acknowledged she was a loyal and committed employee.
 {¶ 25} While I agree with the majority that claims of unethical conduct are not substantiated here, I find this case can be decided on the basis of changes made by management that impacted MacMillan's ability to perform her duties.
It is ordered that appellants recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.